Stewart, J.
The sole question before this court is whether, as to a cause of action for malpractice by a physician, the statute of limitations begins to run at the termination of the physician-patient relationship or whether the statute begins to run from the time the patient discovers the malpractice.
Section 11225, General Code, reads:
“An action for * * * malpractice * * * shall be brought within one year after the cause thereof accrued. ’’
In the present case plaintiff in her argument relies upon an alleged constitutional question, but this court, by dismissing her appeal as of right (156 Ohio St., 190, 101 N. E. [2d], 501), disposed of that claim, and, therefore, we confine ourselves to the single question which we have stated.
When the statute begins to run depends upon the meaning of the word, “accrued.”
In Bouvier’s Law Dictionary (3 Rev.) it is stated:
“A cause of action accrues when suit may be commenced for a breach of contract * * * Citing Amy v. Dubuque, 98 U. S., 470, 25 L. Ed., 228.
*24 In Black’s Law Dictionary (2 Ed.), it is stated:
“The term [accrue] is also used of independent or original demands, and then means to arise, to happen, to come into force or existence.”
Plaintiff’s right of action accrued at the time she could bring an action against Campbell When such an action can be brought has been the subject of considerable litigation before this court.
The question arose in the case of Gillette v. Tucker, 67 Ohio St., 106, 65 N. E., 865, 93 Am. St. Rep., 639.
In that case a physician operated upon a patient and it was alleged that he neglected or carelessly forgot to remove from the abdominal cavity a sponge which he had placed therein, that the sponge remained in the cavity after the incision had been closed, and that such condition continued during the physician’s entire professional relation to the case and was present when he abandoned or otherwise retired therefrom.
In the Court of Common Pleas it was determined that plaintiff’s cause of action for malpractice in that case accrued at the time the sponge was negligently left in the abdominal cavity as he then had a right to bring an action for the breach of contract for the exercise of diligence on the part of the physician.
The Circuit Court, to which the Gillette ease was appealed, reversed the judgment of the lower court and held that the statute of limitations did not commence to run against a cause of action for malpractice until the case had been abandoned by the physician or the professional relation had been otherwise terminated.
This court, then consisting of six judges and with three of the judges dissenting, affirmed the judgment of the Circuit Court.
The third paragraph of the syllabus in the Gillette case reads:
*25 “Where the physician and surgeon so engaged, operates upon the patient, for what (as in this case) he pronounces to be appendicitis, and neglects or carelessly forgets to remove from the abdominal cavity, a sponge which he had placed therein, and closes the incision, with the sponge remaining therein, and this condition continues during his entire" professional relation to the case and is present when he abandons or otherwise retires therefrom, the statute of limitations does not commence to run against a right to sue and recover on account of such want of skill, care and attention, until the case has been so abandoned, or the professional relation otherwise terminated.”
The theory of the decision in the Gillette case was that so long as the relationship of surgeon and patient continued the surgeon was guilty of malpractice during that entire relationship for not repairing the damage he had done and, therefore, the cause of action against him arose at the conclusion of his contractual relationship.
In the vigorous dissent it was maintained that, since the patient had a right of action at the very time the malpractice happened, the right of action accrued or came into existence at that time and the statute of limitations thereupon commenced to run, without any regard as to the termination of the physician-patient relationship.
This court again considered the question of the statute of limitations in a malpractice action in the case of McArthur v. Bowers, 72 Ohio St., 656, 76 N. E., 1128, in which case this court, in a four to two decision, followed the dissenting opinion in the Gillette case.
The question again came before this court in the ease of Bowers v. Santee, 99 Ohio St., 361, 124 N. E., 238, the syllabus of which reads:
*26 “1. The relation of surgeon and patient is one arising out of contract, express or implied. The surgeon is not an insurer or guarantor, but does agree to exercise the average degree of skill, care and diligence exercised by members of the same profession in the given situation.
“2. In an action for a breach of the contract in such case, the statute of limitations does not begin to run until the contract relation is terminated. (Gillette v. Tucker, 67 Ohio St., 106, approved and followed; McArthur v. Bowers, 72 Ohio St., 656, disapproved.)”
In the case of Amstutz v. King, 103 Ohio St., 674, 135 N. E., 973, this court simply stated:
“Judgments affirmed on authority of Gillette v. Tucker, 67 Ohio St., 106, and Bowers v. Santee, 99 Ohio St., 361.”f
The record in the Amstutz case shows that it was a malpractice action practically on all fours with the present case. In other words, the action for malpractice had been brought more than a year after the termination of the relationship of physician and patient but within a year of the discovery by the patient of the malpractice.
Although there were three dissents, this court adhered to the doctrine that the latest time at which a malpractice cause of action can accrue is the termination of the physician-patient relationship.
In the presentation of the present case plaintiff strongly and insistently urges that the statute of limitations should begin to run at the time of the discovery by the patient of the malpractice and expatiates upon what is claimed to be the gross injustice of allowing a statute of limitations to bar an action when the injured patient did not and could not by the exercise of reasonable diligence know that he had a cause of action for the injury done him.
*27 There is much persuasive force in this argument and claim, so far as justice is concerned, hut the legislative branch of the government has determined the policy of the state and fixed the time when the statute of limitations shall bar an action for malpractice, and the argument addressed to us as to the time when the statute should begin to run properly should be made to the General Assembly. Our sole function is to interpret and enforce the legislative enactment and it is not our function, as we have said so many times, to disregard, by legislating, a legislative enactment.
The statute provides that an action for malpractice shall be brought within one year after the cause thereof accrues. The cause accrues when the negligently-caused injury is inflicted. In other words, plaintiff had a right to bring an action when Campbell negligently left the sponge within her wound and negligently allowed it to remain there during his professional relation with her. The fact that plaintiff did not know of her right of action did not prevent the statute from running, and, since the present action was commenced more than one year after the termination of any professional relationship between plaintiff and Campbell, it is barred by the statute of limitations.
Had the legislative branch of the government intended that the statute should not begin to run until discovery by the patient of the malpractice, it could have added a provision to that effect, just as it did in Section 11224, General Code. In this section, which provides for a four-year period of limitation, a provision was added reading as follows:
“If the action be for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it be for *28 fraud, until the fraud is discovered.” (Italics added.)
The italicized portion of that section was unquestionably enacted by the General Assembly as the result of the decision of this court in Williams v. Pomeroy Coal Co., 37 Ohio St., 583.
At the time the Williams case was decided there was a four-year statute of limitations as to an action for trespass upon land.
In the William case the court held in the syllabus:
“2. In the application of the statute of limitations there is no distinction between the trespasses under ground and upon the surface; nor whether the cause of action is known or unknown to the plaintiff within the time limited by the statute.
”3. The bar to a recovery in an action for a trespass includes all the consequences resulting from such trespass.”
As we have said, the General Assembly thereafter added the italicized portion in the above-quoted statute, that a cause of action for trespassing under ground or injury to mines shall not accrue until the wrongdoer is discovered.
The General Assembly has not seen fit to add a similar provision to the statute of limitations as to a malpractice action although the case of Gillette v. Tucker, supra, was decided November 18, 1902, and Amstutz v. King, supra, was decided June 21, 1921.
If the proposition for which plaintiff contends was a,dopted as the law it would nullify many of the statutes of limitation. For instance, if the statute of limitations as to libel or slander did not begin to run until knowledge was had by the one injured by the libel or slander it might result that an action therefor could be brought an indefinite number of years after the libel or slander occurred. Such instances could be multiplied.
*29 In Townsend v. Eichelberger, 51 Ohio St., 213, 38 N. E., 207, the third paragraph of the syllabus reads:
“Ignorance of the plaintiff as to his rights, arising from his residence abroad, or in remote and secluded parts, does not affect the running of the statute against him. ’ ’
In Groesbeck v. Cincinnati, 51 Ohio St., 365, 37 N. E., 707, it is said in the opinion:
“While the fact that plaintiff did not know of the error, and would not have paid the assessment if he had known thereof, appeals strongly to our sense of justice in his behalf, yet the fact remains that the law under which he invokes the aid of the court has limited his right of action to one year from the time of payment, and not from the time of the discovery of the error. He must accept the statute as a whole, including its disabilities and limitations. ’ ’
The conclusion to which we have come in the present case is in accord with the weight of authority in the United States. See 144 A. L. R., 212.
As we have said, the function of the courts in reference to legislative enactments is to declare their meaning from what they say and not to interpret them in reference to what the courts may think they ought to say. If their provisions create an injustice in certain cases, the remedy is the function of the General Assembly. However, it must be remembered that, although there seems to be a hardship in the present case because plaintiff did not know of the malpractice upon her until long after her action was barred, it may well be argued that an extension of the time for bringing a malpractice action, if a statute of limitations provided that it did not begin to run until the cause of action had been discovered, might be in many cases a great injustice to the physician.
In the present case the action was not brought until *30 nearly seven years after the alleged malpractice by Campbell. In the meantime, he had died, and during such time it is quite possible that records and witnesses might have disappeared. Such a situation may have motivated the General Assembly in limiting a malpractice action to one year from the time the cause thereof accrued rather than to one year from the time of the discovery by the patient of the malpractice. At any rate, as we have said, the balance of convenience or justice as between the patient and the physician is a matter for determination by the legislative branch of the government and we can only interpret and enforce the statute as that branch has enacted it.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias and Hart, JJ., concur.